UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST BANAAG,<br><br>    Plaintiff,<br><br>    v.<br><br>FIVE STARS LOYALTY, INC.,<br><br>    Defendant. | Case No. 15-cv-03546-WHO<br><br>**ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 51, 60 |

On November 24, 2015, I issued an order dismissing plaintiff Sunil Daniel's first amended complaint with leave to amend. Dkt. No. 44. On December 18, 2015, Daniel, along with a new named plaintiff, Ernest Banaag, filed a second amended complaint ("SAC"). Dkt. No. 50. Daniel has since filed a notice of voluntary dismissal for himself, leaving Banaag as the only named plaintiff in the case. Dkt. No. 65. Defendant's motion to dismiss the SAC, or in the alternative, to strike the class allegations or stay the case, is set for hearing on March 2, 2016. Dkt. No. 51.

The motion to dismiss identifies only one flaw in Banaag's substantive allegations: that the telephone number to which defendant allegedly sent text messages in violation of the Telephone Consumer Protection Act ("TCPA") is a landline number, not a cellular telephone number, as required by the statute. *See* Dkt. No. 51 at 6. While Banaag does not dispute that the number alleged in the SAC is a landline number, he has made clear that he made an inadvertent error, and that the number he intended to allege is a cellular telephone number. *See, e.g.,* Dkt. No. 58 at 10-11. On January 21, 2016, he filed a notice of errata seeking to correct the number alleged in the SAC. Dkt. No. 57. Defendant has filed a motion to strike the notice of errata as an improper attempt to amend the SAC, Dkt. No. 60, but defendant has not identified any additional problems with Banaag's substantive allegations.

This is much ado about nothing. I ORDER that by **February 26, 2016**, Banaag shall file a

third amended complaint correcting the telephone number to which defendant allegedly sent him the complained-of texts. In all other respects, the allegations in the third amended complaint shall be identical to those in the SAC.

That accomplished, defendant's motion to dismiss, the accompanying request for judicial notice, and defendant's motion to strike are all DENIED AS MOOT. Defendant's alternative requests to strike the class allegations in the SAC or to stay the case are DENIED. The attack on the class allegations is premature. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[T]he granting of motions to dismiss class allegations before discovery has commenced is rare . . . because the shape and form of a class action evolves only through the process of discovery.") (internal quotation marks omitted); *see also Long v. Graco Children's Products Inc.*, No. 13-cv-01257-JD, 2014 WL 7204652, at *4 (N.D. Cal. Dec. 17, 2014) ("Many courts have recognized that the sufficiency of class allegations are better addressed through a class certification motion, after the parties have had an opportunity to conduct some discovery.") (internal quotation marks and alterations omitted). And defendant has not shown that this is one of the "rare circumstances" in which a stay pending the resolution of an appeal in another case is appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Defendant's demand that Banaag be ordered to "pay the fees and costs that defendant incurred in reliance on [his] error," Dkt. No. 63 at 4, is also DENIED.

Defendant's response to the third amended complaint is due by **March 16, 2016**. If defendant moves to dismiss, the hearing will be on **April 20, 2016**.

**IT IS SO ORDERED**.

Dated: February 24, 2016

WILLIAM H. ORRICK
United States District Judge

2